UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **KAREN BOLYER** | * | **CIVIL ACTION NO.  18-0268** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **CIRCLE H TRUCKING OF ASHLEY, L.L.C. AND JONATHAN MCKELVEY** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 9] filed by plaintiff Karen Bolyer. The motion is opposed. For reasons set forth below, it is recommended that the motion to remand be DENIED.

### Background

Karen Bolyer filed the above-captioned suit on July 11, 2017, against defendants Circle H Trucking of Ashley, L.L.C. ("Circle H") and Jonathan McKelvey in the Fourth Judicial District Court for the Parish of Morehouse, State of Louisiana. (Petition). Bolyer seeks recovery for severe personal injuries and damages that she sustained following a June 16, 2017, motor vehicle accident that occurred when her stationary vehicle was struck from behind by a Circle H logging truck operated by McKelvey.

Defendants were personally served with the state court petition on September 30, 2017. (Affidavits; M/Remand, Exh. A). On March 2, 2018, defendants removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). On March 29, 2018, plaintiff filed the instant motion to remand on the grounds that removal purportedly was untimely. 28 U.S.C. § 1447(c). Defendants filed their opposition to the motion to remand

on April 30, 2018. [doc. # 14]. Plaintiff did not file a reply, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 10]. Thus, the matter is ripe.

## Law and Analysis

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

In this case, defendants invoked the court's subject matter jurisdiction via diversity, which requires complete diversity of citizenship between plaintiff and defendants, and an amount in controversy greater than $75,000.[1] 28 U.S.C. § 1332(a). Plaintiff does not contest that the parties are completely diverse, and that the amount in controversy exceeds $75,000. (Pl.

---

[1] When, as here, the state court petition seeks a money judgment, but state law does not permit a demand for a specific sum, then the removing defendant may assert the amount in controversy in its notice of removal. 28 U.S.C. § 1446(c)(2)(A). In so doing, the removing defendant must establish the requisite amount in controversy by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (removing party bears the burden of establishing federal jurisdiction). Defendant may meet its burden in one of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) by setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. Wal Mart Stores*, 193 F.3d 848 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

M/Remand, Memo., pg. 7).[2] Although the parties cannot confer federal subject matter jurisdiction via consent,[3] the record establishes that the parties are completely diverse[4] and that the amount in controversy exceeded $75,000 at the time of removal.[5] Thus, the sole issue is whether defendants complied with the procedural requirements of removal.

The removal process is fraught with procedural pitfalls for the unwary defendant including, but not limited to, the temporal filing limitations at issue here. Under the removal statute, a defendant must file a notice of removal: 1) within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief, or the summons, whichever period is shorter; or 2) if the case "stated by the initial pleading is not removable," within 30 days after defendant's receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1) & (3).[6]

---

[2] In the parties' Rule 26(f) Report, plaintiff stated that she "object[ed] to subject matter jurisdiction." [doc. # 13]. It is apparent, however, that plaintiff objects to the court's *exercise* of subject matter jurisdiction, i.e., removal jurisdiction.

[3] *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104 (1982).

[4] Plaintiff is a citizen of Louisiana, whereas, defendants are citizens of Arkansas. (Notice of Removal, ¶¶ 5-6).

[5] In support of their notice of removal defendants adduced copies of plaintiff's medical records which showed bills totaling $26,224, plus a diagnosis of "motor vehicle accident-induced thoracolumbar disk herniation," with a request for financial authorization to perform a T-12-L1 diskectomy. (Notice of Removal, ¶ 25; Exhs. F & J). General damages associated with this type of surgery often exceed the jurisdictional threshold, even without consideration of the medical expenses. *See* Notice of Removal (and cases cited therein).

[6] On December 7, 2011, Congress amended 28 U.S.C. § 1446(b) pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA"). *See* Pub.L 112-63. Other than dividing the 30 day removal periods into separately numbered paragraphs, the remaining changes wrought by the JVCA do not undermine the Fifth Circuit decisions regarding the 30 day

Here, plaintiff contends that the allegations in her original petition provided defendants with sufficient notice to trigger the initial 30 days window for removal. Specifically, she emphasizes that she alleged that her damages far exceeded the minimum jurisdictional limits for the right to a jury trial (i.e., $50,000), and also included unspecified damages claims. These allegations appear in the prayer, as follows:

### PRAYER FOR RELIEF

As a result of Defendants' actions and omissions, Plaintiff sustained severe injuries, which resulted in physical pain, mental anguish, and other medical problems. In all reasonable probability, Plaintiff's physical pain, physical impairment, and mental anguish will continue indefinitely. **Plaintiff have [sic] been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues.** Plaintiff prays for relief and judgment including but not limited to:

- Past and future medical damages;

- Past and future economic damages including but not limited to lost wages and loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Cost of Court;

- Interest on damages allowable by law;

- All other damages allowed by law; and

- Such other and further relief as the Court may deem just and proper.

The second paragraph V in plaintiff's Petition for Damages is as follows:

V.

---

removal periods. *See* discussion, *infra*.

**JURY TRIAL DEMAND**

>Plaintiff requests a trial by jury.

(Petition) (emphasis added).

Plaintiff contends that her allegation that her damages are "far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues," referenced the $50,000 minimum for a jury trial.[7] It is apparent, however, that the petition's "far in excess" allegation referred to the minimum requirements for the exercise of jurisdiction in the state court, which, as it turns out, has no jurisdictional minimum at all. *See* La. Const. Ann. art. V, § 16. Moreover, the jury demand is included in a separate paragraph, and merely establishes that plaintiff is seeking more than $50,000. In short, plaintiff's "far in excess" allegation is unhelpful for purposes of confirming amount in controversy for purposes of diversity jurisdiction.

Furthermore, plaintiff's allegation that she has severe and likely permanent injuries does not establish amount in controversy. Most every diversity case that this court sees includes similar allegations, which sometimes turn out to be mere hyperbole.

In any event, however, § 1446(b)'s first 30 day removal period is not triggered unless the initial pleading includes a "specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Mumphrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013).[8] Here, plaintiff's

---

[7] In Louisiana, a jury trial is not available, *inter alia*, if the petitioner's cause of action does not $50,000, exclusive of interest and costs. La. Code Civ. Pro. Art. 1732.

[8] Thus, "*Chapman* lays out a 'bright line rule requiring the plaintiff, if [s]he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a *specific allegation that damages are in excess of the federal jurisdictional amount*.'" (emphasis added). *Mumphrey, supra* (quoting *Chapman, supra*).

5

protestations notwithstanding, her original petition does not contain any such allegation;[9] thus, the initial 30 day removal window was not triggered.[10]

Plaintiff further contends that her discovery responses do not establish *unequivocally* that her damages exceeded $75,000, as required to trigger the second 30 day removal period.[11] In *Bosky v. Kroger Texas, LP*, the Fifth Circuit endeavored to establish another "bright line" rule for purposes of Section 1446(b)'s second 30-day removal period. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The court explained that

> the information supporting removal in a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b). This clearer threshold promotes judicial economy. It should reduce "protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and

---

[9] Although plaintiff correctly observes that state law prohibits her from alleging a specific monetary amount of damages in her petition, she is authorized to allege "for other purposes" whether her claim exceeds or is less than the requisite amount. La. Code Civ.P. Art. 893.

[10] As the Fifth Circuit explained,
[t]he *Chapman* court had several practical ramifications in mind when it announced this standard. By rejecting a so-called due-diligence standard, it sought to promote efficiency by preventing courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading. Moreover, the *Chapman* court wanted to avoid encouraging defendants to remove cases prematurely for fear of accidentally letting the thirty-day window to federal court close when it is unclear that the initial pleading satisfies the amount in controversy.
*Mumfrey, supra* (internal citations omitted).
Thus, the litany of non-binding district court decisions cited by plaintiff in her brief that place the onus on defendants to divine the amount in controversy from ambiguous allegations in the petition (i.e., the "head in the sand" rule) are inapposite. *See Mumfrey, supra* (plaintiff relied exclusively on inapposite "amount dispute" cases).

[11] Under the JVCA, "information relating to the amount in controversy in the record of the State proceeding, **or in responses to discovery**, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A) (emphasis added).

defendants.
*Id.* (footnote omitted).

Thus, the question becomes what must be included in an "amended pleading, motion, order, or other paper" to make it "unequivocally clear and certain" that the amount in controversy exceeds the jurisdictional threshold?

Despite some confusion,[12] *Bosky* managed to provide the lower courts with some guidance. The court cited Fifth Circuit cases such as *S.W.S. Erectors, Inc. v. Infax, Inc.*, and *Wilson v. Belin*, that it deemed consistent with its "unequivocally clear and certain" standard. *Bosky, supra* (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 491-92 (5th Cir. 1996); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)).[13] In both *S.W.S. Erectors* and *Wilson*, the removals were premised upon written evidence obtained from plaintiffs which acknowledged specific damage figures that exceeded the federal jurisdictional minimum. *Id.*

In addition, *Bosky* relied on the different meanings attributable to "setting forth" and "ascertained"—the two terms used to describe the information needed to trigger the first and second 30-day removal windows—to infer that the requisite trigger for the second removal period is necessarily stiffer than *Chapman's* bright-line rule for the initial removal period. *Bosky, supra.*

While it is difficult to conceive of a more demanding requirement than that particularized by *Chapman*, i.e., a specific allegation that damages exceed the federal jurisdictional minimum, one must recall that *Bosky* was decided under the mistaken premise that *Chapman's* bright-line rule had been degraded by subsequent amount-in-dispute cases, which, as it turns out, are

---

[12] *See Mumfrey*, 719 F.3d at 400.

[13] *Bosky* also cited *Marcel v. Pool Co.*, 5 F.3d 81, 82-85 (5th Cir. 1993). *Marcel*, however, did not contemplate the 30-day removal clock. *See Mumfrey, supra*.

inapposite. *See Mumfrey, supra*. Thus, *Bosky* should be read as imposing a trigger for the second removal period that is at least as strict as that set forth in *Chapman*.[14]

Consistent with this interpretation, the "other paper[s]" that the *Bosky* defendants relied on to support removal were documents that revealed actual medical expenses in excess of $75,000. *Bosky v. Kroger*, Appellee Brief, 2001 WL 34127780. Even more telling is that more than thirty days before removal, the defendants obtained discovery from the plaintiff stating that the plaintiff would "not seek more than $500,000.00 for all of her damages and may seek less than this amount . . . " plus a written statement that the plaintiff's medical damages were around $50,000. *Id.* By finding removal timely, *Bosky* effectively held that the foregoing evidence was insufficient to commence the 30-day removal period. Rather, the 30-day removal clock was not triggered until defendant obtained written proof of actual damages that exceeded the jurisdictional minimum.

Here, plaintiff contends that her discovery responses merely referred defendants back to the allegations in her initial petition. Consequently, she argues, if her initial petition did not trigger the initial 30 day removal window, then her discovery responses also did not suffice to trigger the second 30 day window. Quite to the contrary, however, and as the court detailed earlier, plaintiff's discovery responses included medical treatment records and bills documenting medical expenses of $26,224, plus a diagnosis of an accident-induced herniated disk, and a

---

[14] As aptly demonstrated by the matter at hand, an unintended consequence of *Bosky* is that a defendant may be able to establish by a preponderance of the evidence that the amount in controversy exceeds the requisite jurisdictional minimum, even though the pleadings and "other papers" do not suffice to trigger the Section 1446(b) removal window(s). *See Mumfrey*, 719 F.3d at n.13; *Biggs v. Cajun Operating Co.*, 2011 WL 196096, at *3 (N.D. Tex. Jan. 19, 2011) (noting the incongruity between the standard to satisfy jurisdiction and the standard to trigger the time period for defendants to invoke that jurisdiction).

request for authorization to perform surgery. These medical records sufficed to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000, at the time of removal.[15]

Insofar as plaintiff contends that the discovery responses did not make it "unequivocally clear and certain" that the amount in controversy exceeded $75,000, the court agrees. However, that does not then render removal premature. To explain, the 30-day time limit to remove under Section 1446(b)(3) is only triggered when the factual basis for removal can be proven by "a simple and short statement of facts." *Bosky, supra*. Consequently, if a defendant has to analyze and dissect medical treatment records to divine whether the nature and cause of a plaintiff's injuries satisfy the amount in controversy requirement, then those papers do not make removal "unequivocally clear and certain" as *Bosky* contemplated. Likewise, if a defendant has to conduct independent research by consulting "quantum books," then the discovery responses are not sufficiently "unequivocally clear and certain" to trigger the 30-day removal period. *See Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. March 4, 2011) (unpubl.).

Here, there are no documents that clearly and unequivocally prove that the actual damages exceed the jurisdictional minimum; by extension, there are no documents that show that the 30-day removal window has been triggered. *See Smith v. Wal-Mart Louisiana, LLC*, 2013 WL 4781778, at *1 (W.D. La. Sept. 5, 2013) (facts indicating that plaintiff underwent anterior

---

[15] Although not dispositive, nor necessarily relevant, plaintiff also faults defendants for waiting so long to answer the petition. Defendants pointed out, however, that they were not obliged to answer the petition under penalty of default until thirty days after the filing of the proof of service into the record. *See* La. Code Civ. Pro. Art. 3205. Here, proof of service, via affidavit(s), was not effected until December 8, 2017. Defendants filed an answer within 30 days thereafter.

cervical fusion and diskectomy surgery, accrued $42,000 in medical expenses, and was unable to work did not unequivocally show that the amount in controversy exceeded $75,000). This is especially true considering that defendants conducted a quantum study before removing, and that defendants had to dissect numerous medical records to deduce whether plaintiff's alleged damages satisfied the requisite threshold.

That said, remand is not the result. The "unequivocally clear and certain" standard is applied when a court is determining whether a defendant has timely removed, not whether removal was permissive. Stated differently, the Section 1446(b)(3) 30-day clock acts as a ceiling or limit on removal, not as a jurisdictional floor. As one court put it, Section 1446 "does not say anything about removals that occur too soon." *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 576 (S.D. Ala. 1986). If, before the 30-day clock starts, a defendant can demonstrate by a preponderance of the evidence that the jurisdictional threshold is met, he or she may remove without being required to "unlock" the 30-day window by presenting "unequivocally clear and certain" evidence.

As discussed above, the court finds that the documents presented do prove, by a preponderance of the evidence, that the amount in controversy exceeded the jurisdictional minimum. Therefore, while the documents do not meet the unequivocally clear and certain standard which would have *required* the defendants to remove the case within thirty days, there was sufficient evidence to make removal proper and defendants were not prohibited from removing on the basis of same.[16]

## Conclusion

---

[16] *See Mumphrey, supra* (even if defendant *could* have removed the suit, the allegations did not start the clock such that defendant was *required* to remove).

For the above-assigned reasons, the undersigned finds that the removal did not transgress § 1446(b)'s 30 day removal limits. 28 U.S.C. § 1446(b)(1) & (3). Accordingly,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 9] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 10th day of May 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE