UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KAREN BOLYER** | **CIVIL CASE NO. 3:18-00268** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CIRCLE H TRUCKING OF ASHLEY, LLC, and JONATHAN MCKELVEY** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## RULING

Plaintiff Karen Bolyer ("Bolyer") filed suit against Circle H Trucking of Ashley, LLC ("Circle H") and Jonathan McKelvey ("McKelvey") as a result of alleged personal injuries from a June 16, 2017 automobile accident. On July 12, 2018, Bolyer filed a Motion for Leave to Dismiss Claims Without Prejudice [Doc. No.26]. The Motion was opposed by Defendants [Doc. No. 30]. Bolyer filed a reply [Doc. No. 33] on July 25, 2018. For the following reasons, Bolyer's motion is GRANTED. Bolyer is required to pay the court costs incurred by Circle H and McKelvey in this proceeding.

### I. FACTS

Bolyer originally filed a Petition for Damages against Circle H and McKelvey in the Fourth Judicial District Court, Morehouse Parish on July 11, 2017. Bolyer alleged injuries sustained in a June 16, 2017 automobile accident. On March 2, 2018, Circle H and McKelvey filed a Notice of Removal [Doc. No. 1] and had the matter removed to this Court on the basis of diversity jurisdiction.

On March 29, 2018, Bolyer filed a Motion to Remand [Doc. No., 9] seeking to have this matter remanded back to state court. Pursuant to the Report and Recommendation of July 10, 2018, Magistrate Judge Karen L. Hayes recommended that the Motion to Remand be denied. [Doc. No. 17]. The Report and Recommendation of Magistrate Judge Hayes was adopted by Judgment dated May 29, 2018 [Doc. No. 22].

A Scheduling Order was filed on July 3, 2018 [Doc. No. 25] setting the above matter for jury trial on August 12, 2019. [Doc. No. 26].

On July 12, 2018, Bolyer filed a Motion for Leave to Dismiss the Claims Without Prejudice. This motion was opposed by Circle H and McKelvey [Doc. No. 30]. To the opposition, Bolyer filed a reply on July 25, 2018 [Doc. No. 33].

This matter is now ripe, and the Court is ready to rule in this matter.

**II.     LAW AND ANALYSIS**

    **A.     Standard of Review**

Federal Rule of Civil Procedure 41(a) provides in pertinent part:

(a) Voluntary Dismissal.

*By the Plaintiff.*

(A) *Without a Court Order.*  Subject to Rules 23(e), 23.1(c) 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or

(ii) a stipulation of dismissal signed by all parties who have appeared . . . .

(2)     *By Court Order; Effect.*  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiffs request only by court order, on terms that the court

considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

Therefore, in accordance with Rule 41, once the defendant has filed an answer the plaintiff does not have the unilateral right to dismiss the action. *In re Amerijet Intern, Inc.*, 785 F3d 967 (5th Cir. 2015). Defendants filed an Answer on March 2, 2018, and an Answer to Amended Complaint [Doc. No. 23] on July 2, 2018.

In facing this situation, a district court should first ask whether an unconditional dismissal will cause the non-movant to suffer legal prejudice. *Elbaur v Tripath Imaging*, 279 F3d 314 (5th Cir 2002). Voluntary dismissal is a matter within the sound discretion of the district court, and the district court's decision is reviewed only for an abuse of discretion. *Templeton v Nedlloyd Lines,* 901 F2d 1273 (5th Cir 1990).

### B.     Factual Analysis

The primary reason stated by Bolyer to dismiss this proceeding without prejudice is because of an underlying suit in state court which involves the same accident and same facts. On February 7, 2018, Lena Collins, who was a guest passenger in the automobile driven by Bolyer, filed a suit in the Fourth Judicial District Court, Morehouse Parish, where she named as defendants, National Insurance, Circle H, McKelvey and Bolyer. Bolyer filed an answer and cross claim in that proceeding making a claim for damages in the state court proceeding against the same Defendants in this case. Bolyer argues that the state court proceeding involves the same accident and same parties. To dismiss this federal proceeding without prejudice would avoid duplicative litigation, would be in the interest of judicial economy, and would also avoid the possibility of inconsistent verdicts by state and federal courts.

Defendants argue they would be prejudiced with a dismissal without prejudice. They also argue that the parties have engaged in discovery, had a Rule 26(f) conference, filed a case management report and issued a scheduling order setting this case for a jury trial on August 19, 2019. Defendants also argue Bolyer is "forum shopping" and that this is a back-door method to get the case back in state court.

Bolyer denies that she is forum shopping and argues that it was beyond her control that Lena Collins filed a suit naming her as a defendant in the state court proceeding. Her main concern is judicial economy and the possibility of inconsistent verdicts being rendered in two separate proceedings involving the same set of facts.

In order to defeat a motion to dismiss without prejudice after Defendants file an answer, a defendant must show it would suffer some cognizable prejudice greater that the mere prospect of a second lawsuit. *Hartford Accident and Indemnity Company v Costa Lines Cargo Services, Inc.*, 903 F2d 352 (5th Cir. 1990).

This Court must weigh the advantages and disadvantages of dismissing this law suit without prejudice. First, denying the Motion to Dismiss Without Prejudice would result in Bolyer litigating her case in this court, and Lena Collins litigating her case (as a guest passenger in the same lawsuit) in state court. Second, all Defendants, including Bolyer, Circle H, and McKelvey would be required to litigate this case in federal court. It is possible that there could be inconsistent verdicts in the case.

In the interest of judicial economy it would be better to grant Bolyer's Motion to Dismiss Without Prejudice. No matter what Bolyer's motive is, it would be better to have the issues all in one proceeding rather than take the chance of having two trials and/or two verdicts.

Accordingly, the Court will grant Bolyer's motion, but the Court requires Bolyer to pay the court costs of Circle H and McKelvey in this proceeding. *See Manshack v. Southwestern Electric Power Co.*, 915 F.2d 172, 174 n. 2 (5th Cir. 1990) ("[Federal Rule of Civil Procedure 41(a)(2) ] further allows a court to assess costs in favor of a defendant as a means to redress the expenses it has incurred prior to the plaintiff's voluntary dismissal."); *see also Elbaor v. Tripath Imaging Inc.*, 279 F.3d 314, 317 n. 3 (5th Cir. 2002) (noting that, in the context of dismissals pursuant to Federal Rule of Civil Procedure 41(a)(2), "[e]vidence of expense incurred [by the defendant] can of course support a discretionary award of attorney's fees and costs."); *Yoffe v. Keller Industries, Inc.*, 580 F .2d 126, 131 (5th Cir.1978) (district court's imposition of reasonable attorney's fees as a condition of dismissal without prejudice was permissible pursuant to Federal Rule of Civil Procedure 41(a)(2) because it did not amount to legal prejudice); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976) (noting that courts regularly impose payment of costs and fees on plaintiffs requesting voluntary dismissal).

### III. CONCLUSION

For the reasons set forth herein, Bolyer's Motion to Dismiss Without Prejudice is GRANTED, and her claims are dismissed WITHOUT PREJUDICE. All court costs in the proceeding are to be taxed to Bolyer.

Monroe, Louisiana, this 27th day of July, 2018.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE